UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMIE SHULTZ, ) | |
| ) | |
| *Petitioner,* ) | |
| ) | |
| v. ) | Cause No. 3:17-cv-226-RLM |
| ) | (Arising from 3:15-cr-30-RLM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent.* ) | |
| ) | |

OPINION AND ORDER

Jamie Shultz pleaded guilty to illegal possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), and was sentenced to 60 months' imprisonment. Mr. Shultz's timely petition under 28 U.S.C. § 2255 [Doc. No. 29] asking that his sentence be vacated, set aside, or corrected pends before the court. His petition claims that his counsel provided constitutionally ineffective assistance by: (1) failing to disclose that his guilty plea would subject him to a mandatory minimum sentence; (2) inducing him to plead guilty by knowingly misrepresenting the sentence he faced; (3) not arguing mitigating factors at sentencing; (4) not objecting to the presentence report that allegedly included two erroneous felonies convictions; and (5) affirmatively misadvising him as to the consequences of his guilty plea. Mr. Shultz's motion for appointed attorney representation [Doc. No. 30] also pends. For the reasons that follow, the court denies Mr. Shultz's motions.

I. Standard of Review

A person convicted of a federal crime can challenge his sentence on the ground that the sentence was imposed in violation of the Constitution or laws of the United States, that the court had no jurisdiction to impose such sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Issues not argued and decided on direct appeal generally can't be raised in a § 2255 petition unless the petitioner can show good cause and actual prejudice for the procedural default. Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002). A claim of ineffective assistance of counsel not raised on direct appeal can still be raised in a § 2255 petition. Massaro v. United States, 538 U.S. 500, 504 (2003).

An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255 (2012). After reviewing Mr. Shultz's petition and the record of this case, the court concludes that the factual and legal issues raised can be resolved on the record, so no hearing is necessary.

II. Discussion

To succeed on his ineffective assistance of counsel claim, Mr. Shultz must show that (1) his counsel's performance was deficient, and (2) this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Vinyard v. United States, 804 F.3d 1218, 1225 (7th Cir. 2015). Mr. Shultz must show both "that counsel made errors so serious that 'counsel' was

2

not functioning as the counsel guaranteed the defendant by the Sixth Amendment" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694; Martin v. United States, 789 F.3d 703, 706 (7th Cir. 2015). "The Sixth Amendment right to effective assistance of counsel extends to the plea bargaining process." Martin v. United States, 789 F.3d 703, 706 (7th Cir. 2015).

"[T]here is a strong presumption that [a petitioner's] attorney performed effectively." Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). "A court's scrutiny of an attorney's performance is 'highly deferential' to eliminate as much as possible the distorting effects of hindsight, and we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Vinyard v. United States, 804 F.3d at 1225 (quoting Strickland, 466 U.S. at 687). The reasonableness of counsel's performance must be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances." Kimmelman v. Morrison, 477 U.S. at 381.

*A. Ineffective Assistance of Counsel Claims Related to Sentencing*

Mr. Shultz raises two claims of ineffective assistance of counsel related to his sentencing: that his attorney was constitutionally deficient because he didn't argue mitigating factors at sentencing and didn't object to the presentence report that allegedly included two erroneous felonies convictions. The court can't reach

3

the merits of those claims because Mr. Shultz's plea agreement contains an appeal waiver that prevents him from raising them.

Mr. Shultz's plea agreement, signed by Mr. Shultz, his attorney James Korpal, and Assistant United States Attorney Donald Schmid, contains the following language:

> I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 *or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255*[.]

[Doc No. 11, ¶ 9(d) (emphasis added)].

A court "will enforce an appeal waiver in a plea agreement if the terms of the waiver are clear and unambiguous and the defendant knowingly and voluntarily entered into the agreement." United States v. Worden, 646 F.3d 499, 502 (7th Cir. 2011). "To bar collateral review, the plea agreement must clearly state that the defendant waives his right to collaterally attack his conviction or sentence in addition to waiving his right to a direct appeal." Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (italics omitted). "[A] defendant's freedom to waive his appellate rights includes the ability to waive his right to make constitutionally-based appellate arguments" and "preclude appellate review even of errors that are plain in retrospect." United States v. Smith, 759 F.3d 702, 707 (7th Cir. 2014).

Mr. Shultz's appeal waiver was knowing and voluntary. He declared that he offered his "plea of guilty freely and voluntarily and of [his] own accord," [Doc

4

No. 11, ¶ 12], and stated during the change of plea hearing that he understood he was giving up any opportunity to challenge his sentence. His sworn statement at the change of plea hearing are presumed truthful. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The waiver explicitly says that by pleading guilty, Mr. Shultz waives his right to contest his sentence in "any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255." The waiver was knowing and voluntary and the current claim falls within its scope, so the waiver "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

There are limited exceptions to this rule. A court will disregard the waiver if "the district court relied on a constitutionally impermissible factor (such as race), the sentence exceeded the statutory maximum, [ ] the defendant claims ineffective assistance of counsel in connection with the negotiation of the plea agreement," Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011), or Mr. Shultz was "depriv[ed] of some minimum of civilized procedure (such as if the parties stipulated to trial by twelve orangutans)," United States v. Adkins, 743 F.3d 176, 192-193 (7th Cir. 2014).

None of these exceptions apply. As already discussed, the waiver was voluntary. Mr. Shultz was sentenced based on his crime and his criminal history, not a constitutionally impermissible factor. The sentence was within the statutory maximum. Mr. Shultz argues that his counsel was ineffective because he didn't argue mitigating factors at sentencing or object to the presentence report. Those aren't grounds that allow a court to disregard an appeal waiver.

5

*See* Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000) (enforcing an appeal waiver where the "ineffective assistance of counsel claim relate[d] only to [the] attorney's performance with respect to sentencing," not the negotiation of the waiver). So the appeal waiver must be enforced and this court can't reach the merits of Mr. Shultz's claims related to his counsel's performance at sentencing.

*B. Ineffective Assistance of Counsel Claims Related to Plea Agreement*

Mr. Shultz next raises claims of ineffective assistance of counsel related to the negotiation of his plea agreement, alleging that his attorney was constitutionally deficient because he failed to disclose that his guilty plea would subject him to a mandatory minimum sentence, induced him to plead guilty by knowingly misrepresenting the sentence Mr. Shultz faced, and affirmatively misadvising him as to the consequences of his guilty plea. These claims relate to the negotiation of the plea agreement, so they survive despite the plea agreement's appeal waiver. *See* Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011).

Mr. Shultz mistakenly claims that his attorney was constitutionally deficient because he failed to disclose that his guilty plea would subject him to a mandatory minimum sentence. He pleaded guilty to illegal possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), which doesn't carry a mandatory minimum sentence. *See* 18 U.S.C. § 924(a)(2).

As to his claim that his attorney improperly induced him to plead guilty, Mr. Shultz's motion states in full that "[c]ounsel induced [m]ovant to plead guilty, by knowingly misrepresenting the possible sentence length and type of term." [Doc. No. 29 at 4]. His next claim reads in full: "[d]efense [c]ounsel affirmatively misadvised [m]ovant as to the consequences of his plea[ ] of guilty." Id. at 8. Mr. Shultz didn't submit an affidavit with his petition and his memorandum of law lays out legal standards but doesn't cite any evidence to support the petition's conclusory claims of ineffective assistance of counsel. A collateral attack on a conviction or sentence "requires *some* threshold showing of the evidentiary basis, beyond mere conclusory allegations" that support the petitioner's claims. Martin v. United States, 789 F.3d 703, 707 (7th Cir. 2015). Even assuming Mr. Shultz's petition meets the threshold showing of an evidentiary basis and could state a claim under the Strickland deficiency prong, he can't demonstrate prejudice.

Mr. Shultz appears to claim that he was prejudiced because the consequences of his plea and the sentence imposed were more severe than his counsel represented to him. At the change of plea hearing, he was asked if he understood that his attorney's opinion on the sentencing guidelines wasn't official or final "because it's his opinion, and the only opinion that counts here on [the sentencing guidelines] is the court's opinion. What I'm saying is that it's up to the court to decide exactly what your guidelines are." Mr. Shultz responded that he understood. He also stated that he understood that while the guidelines would assist the court in determining an appropriate sentence, the court had the authority to impose a more severe sentence than what the guidelines

7

recommended. He was later asked if there were "any promises or representations that you are relying on today that are not in that written plea agreement?" Mr. Shultz answered "no." Those sworn statement at the change of plea hearing are presumed truthful. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000).

Mr. Shultz can't demonstrate any prejudice from any allegedly false or misleading representations made by his counsel about the consequences of his plea agreement or the sentence he would face to induce him to plead guilty because he stated that he wasn't relying on an promises or representations from his attorney when he agreed to plead guilty and understood that the court alone would determine his sentence.

*C. Motion for Appointed Counsel*

Mr. Shultz also filed a motion requesting appointed counsel. A § 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel. *See* Rauter v. United States, 871 F.2d 693 (7th Cir. 1989). Appointment in § 2255 matters is therefore at the court's discretion. *See* 18 U.S.C. § 3006A(a)(2)(B); Rule 6 of the Rules Governing Section 2255 Proceedings for the United States Courts. Our court of appeals has set forth five factors that a district court should consider in ruling on a motion to appoint counsel: "(1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are

represented by counsel; (4) capability of the indigent to present the case; and (5) complexity of the legal issues raised by the complaint." Wilson v. Duckworth, 716 F.2d 415, 418 (7th Cir. 1983).

Having considered these factors, the court finds that the interests of justice aren't served by appointing Mr. Shultz counsel. As discussed earlier, he hasn't met the minimum threshold to demonstrate that he has any colorable claims.

### III. Conclusion

Based on the foregoing, the court DENIES Mr. Shultz's § 2255 motion to vacate and correct his sentence [Doc. No. 29] and DENIES his motion for attorney representation [Doc. No. 30].

SO ORDERED.

ENTERED:  November 2, 2017

/s/ Robert L. Miller, Jr.  
Judge  
United States District Court